*Doolittle* and *Bates*, for plaintiff.
*Phelps* and *Starr*, for defendant.

## ROBERT B. BATES *vs.* PETER STARR.

Addison,
January,
1830.

A parol agreement between creditor and debtor, not founded upon any new consideration, that the former shall suspend a debt already due in money, and receive payment of the same in future professional or official services of the latter, is not binding on the creditor, although the debtor may have extinguished a part of the debt by services under the agreement, and is willing to extinguish the whole in the same manner ; but an action will lie at any time to recover the balance of the debt which remains unpaid.

Interest is recoverable on the balance of an unsettled account, to be computed from a reasonable time after the account accrued, which in ordinary cases for work and labor is one year.

*Error* to reverse a judgment of *Addison* county court, rendered upon the report of auditors.    The defendant in error brought his action on book account against the plaintiff in error, and the auditors reported, in substance, that the account of the plaintiff in that action consisted of services rendered as a justice of the peace, commencing in A. D. 1817, and ending in

Addison,
January,
1830.

Bates
vs.
Starr.

A. D. 1827; that in 1819 said services amounted to about $130, on account of which the defendant had then paid in professional services and otherwise about $37 ; that from the latter period until the dealings of the parties were discontinued, the defendant was also a magistrate and performed services as such for the plaintiff; during which time the services of the plaintiff for the defendant amounted to about $100, and those of the defendant for the plaintiff to about $115 ; that the parties being sworn, the defendant testified, that immediately preceding the commencement of mutual accounts for services, as aforesaid, in 1819, it was verbally agreed between himself and the plaintiff, that they should exchange services as magistrates, and that neither should demand payment for his services, except in like services to be rendered by the other, and that the balance then due the plaintiff was expressly included in this agreement ; that they acted under the agreement so long as the services on either side were continued ; that he had never waived the contract, and that he claimed the benefit of it in defence to the action—That the plaintiff did not admit the existence of the agreement, but testified to his want of recollection and disbelief, for several reasons assigned, (as that he had supposed he had a right to exact money for the balance of the account, and had never made such a contract with any other lawyer; though he had exchanged services as a magistrate with several, &c.) that such agreement was ever made.    It also appeared by the report, that the parties accidentally fell into a dispute as to the fact of such an agreement, whereupon the plaintiff demanded a settlement, and soon after brought his action.

The auditors further reported, that they considered the parties respectively entitled to full and equal credit, but that, in their opinion, the testimony of a party defendant was not sufficient to prove a contract of this description, when opposed by testimony of the party plaintiff to the effect aforesaid. They, therefore, found due to the plaintiff the sum of $81 23, as the balance of the accounts; and also gave as interest thereon, from October 1, 1820, to June 1, 1828, the sum of $37 36.    The defendant filed exceptions to the report of the auditors, as well for their decision upon the legal effect of the testimony given, as for the allowance of interest upon the account; but the same was accepted by the county court, and final judgement being rendered thereon, this writ of error was brought, and the common error assigned.

The cause was now argued by the parties in person upon the two points raised by the exceptions below ; but as the Court considered the right of recovery to rest upon a different ground, the arguments are omitted.

ADDISON,
January,
1830.

Bates
vs.
Starr.

ROYCE, J. delivered the opinion of the court.—It seems to be necessary in this case to determine, whether the agreeement on which the plaintiff in error relies would constitute a defence to the action : for if it would not, the judgement of the county court ought not to be reversed, whatever our opinion might be of their decision upon the exceptions taken. We would willingly avoid this point, as it was not taken in the argument; but as it may at any time be assumed by the plaintiff below, we think it cannot consistently be passed over by the Court, and that we are bound to say, whether upon due proof of the agreement, with the other facts stated in the report, the action would be legally barred or suspended. At the time when this agreement is alleged to have been made, the balance of accounts in favor of the plaintiff below was little short of $100, being a larger sum than he finally recovered, exclusive of interest. And for any thing appearing in the report, this was a debt then due in money, for which he was entitled to sue whenever he chose. Under such circumstances, the agreement, so long as the parties should continue to act under it, would doubtless operate to apply the balance of the new account, if in favor of the defendant, in liquidation of the former balance in favor of the plaintiff. But the important question is, whether, if the plaintiff chose to put an end to the agreement, it would still have the effect to defeat or suspend his right of action for the old account. There are several ways in which a cause of action for a simple contract debt may be suspended or destroyed without actual payment ; as by a judgement recovered, an award made, a higher security taken, or by an accord and satisfaction. And it is not uncommon that such a disposition or appropriation is made of a subsisting debt, in the arrangement of some new undertaking or adventure, as would operate in effect like payment, and defeat an action for the debt. It is impossible however, to find in the present instance any thing but a stipulation, by which the debt due the plaintiff was to be gradually paid off in a particular manner. And if this can operate to extinguish or suspend his right of action for the debt, it must have that effect either as an accord and satisfaction, or as a contract upon which the parties might have reciprocal remedies. It is stated upon the authority of a few old cases to which we have not had access, that mutual promises in relation to an antecedent debt may bar an action for such debt. The facts in neither of the cases are given, but one is said to have arisen under the statute of frauds.— 1 *Com. D.* 202.—*T. Ray.* 450.—2 *T. Jones,* 158, 168.—On the other hand, it is laid down in all the books as a general principle, that an accord without satisfaction is not binding on the

creditor, and the reason assigned is, that his agreement to accept a different satisfaction from the one to which he is entitled is without consideration, and also that " accord *executory* is only substituting one cause of action in the room of another, which might go on to any extent."—2 *H. Bl.* 317.—There may be cases of a secondary contract executed on the part of the debtor, or so far executed that he could not recede from it without great inconvenience, which are not intended to be affected by this decision ; like the one put by *Buller, J.* (2 *T. R.* 28,) and others which may readily be supposed. But we think the alleged promise of the creditor in this instance, to accept payment of his debt in the particular mode stated, would not be binding upon him, and that he would have a legal right at any time to decline a further execution of the contract, and recover such part of the old debt as should remain unpaid.

In computing the interest it is evident the auditors considered the principal sum reported, of $81 23, as part of the balance due in 1819, and they allowed interest upon it after one year from that time. This was consistent with the general usage and the course of decisions in this state. We have not followed the *English* or *New York* practice upon this subject.

Judgement of the county court affirmed.