GOODWIN v. WOOD, use, &c.

1. The act of 1837 " More effectually to provide for discoveries in suits at common law," authorises a party to propose to his adversary such questions only, as he would be bound to answer upon a bill of discovery in a court of chancery: *It was consequently held,* that the defendant was not bound to answer interrogatories which called on him to state whether he had entered as credits on

the note in suit, all the money that had been paid thereon; but to make such interrogatories pertinent, it should appear either from the interrogatories or affidavit accompanying them, that other payments than those credited, had been made.

WRIT of Error to the County Court of Talladega.

This was action of *assumpsit*, brought by the defendant in error against the plaintiff, on a promissory note made by the latter, for the payment of five hundred dollars to Alexander Watson, and by the payee indorsed to the plaintiff in the action, who sued for the use of Andrew Wooley.

The questions arising upon the assignment of errors, are presented by a bill of exceptions. From the bill it appears, that the cause being called for trial, the plaintiff declared himself ready, but the defendant stated that he could not go to trial, until certain interrogatories propounded to the party for whose use the suit was brought, were answered. These interrogatories, with the affidavit attached, are as follows:

" John Wood, assignee of Alexander Watson, use of Andrew Wooley, v. Young Goodwin. 〉 Assumpsit, on a note in the County Court of Talladega county, July term, 1842. Interrogatories to be propounded to Andrew Wooley, for whose use this suit is brought; the answers to which will be read in evidence on the trial of this cause.

" *Int.* 1. State whether you have entered all the payments on the note sued on, which have been made to you by the defendant.

" *Int.* 2. State all the payments that said defendant has made to you on said note, their amounts and dates; and the amount of money paid by defendant to you, which you have not entered on said note.

" Personally came before me, Alex. J. Cotten, clerk of the County court of Talladega county, Young Goodwin, defendant in the above cause, who makes oath that answers to the above interrogatories, will be material evidence on the trial of the cause above stated."

The court decided, that the interrogatories were pertinent, but required the defendant to state the precise amount of the several payments, and disclose what he expected to prove by Wooley, that the plaintiff might admit it, if he thought proper. This state-

ment, the defendant declined making; and thereupon he was ordered to go to trial.

Rice, for the plaintiff in error.—The court should not have coerced a trial until the questions proposed to Wooley were answered by him. The act of 1837 authorises one party to call upon another, at law, to discover facts material to make out his case or defence : this statute authorised the exhibition of the interrogatories proposed, and the refusal to compel answers is a fatal error. [See also, 9 Porter's Rep. 266; 3 Ala. Rep. N. S., 295.]

Peck & Clark, for the defendant.—The interrogatories appear from their caption, and the date of the *jurat* of the affidavit, to have been filed at the trial term of the cause, and consequently are not with'n the time prescribed by the statute. Besides, the interrogatories are fishing in not stating that any payments were made to Wooley on the note ; and not being such as a court of chancery would compel a party to answer, they do not come within the terms of the act.

COLLIER, C. J.—An act passed in 1837, " more effectually to provide for discoveries in suits at common law," enacts that where a party in a suit at law wishes a discovery from his adversary, he may file written interrogatories to such party, and call upon him to answer on oath or affirmation ; and if it shall appear to the court by the oath of the party filing the interrogatories, or otherwise, that the answers to the same will be material evidence in the cause, that the interrogatories themselves are pertinent, and such as the adverse party would be bound to answer upon a bill of discovery in a court of chancery, the court shall allow them, and make an order requiring them to be answered in writing on oath or affirmation. The answers so made shall be evidence at the trial, in the same manner, and to the same purpose and extent, and upon the same condition in all respects as if they had been procured upon a bill in chancery for a discovery, but no further. If the interrogatories shall not be answered within sixty days after service of a copy, or be answered evasively, the Court may attach the party to whom they are addressed, and

compel him to answer in open Court, or it may continue the cause, and require more explicit answers, &c.

The object of this enactment was doubtless to expedite and cheapen the administration of justice, by authorising a discovery to be called for at law, where in order to obtain it, it was previously necessary to resort to equity. It does not allow a party to propose to his adversary any interrogatories except such as he " would be bound to answer upon a bill of discovery in a court of chancery," and the answers are only evidence in the same manner " as if they had been procured upon a bill in chancery." In the present case, the interrogatories do not affirm that the defendant has made any payments on the note in suit, but call on the beneficial plaintiff to state, whether he has entered them all on the note, the amount paid, and when. The objection to the indefiniteness of the interrogatories might be cured by the affidavit, (but that affords no aid,) by alleging that payments have been made which the evidence of the party is necessary to establish, it merely declares in general terms, that the answers would be material evidence on the trial. The interrogatories are in the nature of a fishing bill, when assimilated to a discovery in equity, and as answers are only compellable in those cases, in which that Court would have compelled a disclosure, the County Court might very well have refused to compel an answer in consequence of the generality of the interrogatories. Lucas v. The Bank of Darien, 2 Stew. Rep. 280, and the cases there cited, very satisfactorily show that a fishing bill is demurrable.

But if the interrogatories were regular, still as they were exhibited when the case was called for trial, or at the same term, the Court very properly refused a continuance, unless the defendant would make a precise statement of the facts, and what he expected would be the answers of Woolcy.

Other reasons perhaps might be given to show, that the Judge of the County Court properly ruled the parties to trial ; but those stated are decisive of the case ; and the judgment is consequently affirmed.