## Doe ex dem. LEVERICH & CO. v. BATES.

1 Where the plaintiff in a judgment receives a partial payment thereon, and agrees to *stay the same for six months*, and no execution issues until the expiration of that period, the agreement will be considered voluntary, and the lien of the judgment override and defeat a conveyance made by the defendant during the time the indulgence was granted.

APPEAL from the Circuit Court of Mobile.

This was an action of ejectment for the recovery of a lot, with its appurtenances, situate in the city of Mobile. The cause was tried, under the usual consent rule, on the plea of "Not guilty"; a statement of facts was agreed to by the parties, and the court substituted instead of the jury. A judgment was rendered in favor of the defendant for costs.

From the case agreed, it appears that the plaintiffs' lessors recovered a judgment, at the June Term of the county court of Mo-

Doe ex dem. Leverich & Co. v. Bates.

bile, against Joseph Bates, on a note for $4375; that the defendant in the judgment paid two thousand dollars, in part satisfaction thereof, and the plaintiffs "agreed that the judgment" should "be stayed for six months." On the third day of November, 1838, Joseph Bates conveyed the premises in question to John H. Fisher, in trust to pay certain debts, &c. The trustee, in virtue of an authority vested in him by the deed, on the 22d and 24th June, 1839, sold all the property conveyed to him by Joseph Bates, to the defendant, who was the highest bidder; and on the first Monday in July next succeeding, the sheriff of Mobile sold the part now in controversy, under an execution issued on the plaintiffs' judgment; and they became the purchasers.

STEWART, for the plaintiffs in error.
CAMPBELL, for the defendant.

COLLIER, C. J.—It is argued by the plaintiffs, that the agreement to stay proceedings on their judgment against Joseph Bates, for six months from the fourth of September, 1838, was made without consideration, and is, consequently, void. We understand it to be conceded, that the payment of two thousand dollars was not sufficient to sustain it; but it is insisted, that as the agreement was in writing, and the sheriff was directed to hold up the execution until the expiration of the time stipulated, and proceedings were accordingly suspended, no objection could be made to the insufficiency of the consideration.

It may be laid down generally, that a mere parol agreement, whether written or unwritten, requires a consideration to support it. [Mosby v. Leeds, 3 Call's Rep. 439; Burnet v. Bisco, 4 Johns. Rep. 235; People v. Shall, 9 Cow. Rep. 778; Cook v. Bradley, 7 Conn. Rep. 57; Roper v. Stone, Cook's Rep. 499.] But it is said, that it is not necessary the consideration should be expressed in the writing, and if not there stated, it may be proved *aliunde*. [Arms v. Ashley, 4 Pick. Rep. 71; Tingley v. Cutler, 7 Conn. Rep. 291.] In the present case, it was not attempted to support the writing by extrinsic proof, and the question is, whether intrinsically considered in reference to the suspension of execution which actually took place, it was obligatory upon the plaintiffs.

If the agreement was voluntary when made, the mere acqui-

61

escence of the plaintiffs cannot impart to it a different character in law. Although they may have been willing to indulge their debtor, by not coercing a collection of their judgment, yet it was entirely competent to have sued out execution at any time within six months, and the defendant could not have superseded it. This being the case, it is difficult to conceive why the writing should, after the expiration of the time for which it provided, have accorded to it a retrospective validity to which it was not previously entitled. In Thorne v. Deas, [4 Johns. Rep. 84,] it was held, that a promise, originally without consideration, will not be supported by the fact that the party, to whom it was made, has sustained some special damage. Here, from any thing shown by the record, we are not informed that the defendant has been injured, or the plaintiff benefited; and in point of law, we cannot conceive how such a result could have followed from the indulgence given to the defendant.

A voluntary restoration of what the law would compel one to restore, is not a sufficient consideration to support a contract. [McDonald v. Neilson, 2 Cow. Rep. 139.] So, a promise to one of two obligors not to call on him for more than half the sum due, is not binding. [Lemaster v. Burckharts, 2 Bibb Rep. 27.] And payment of part of a debt is not a sufficient consideration for a promise to forbear a suit for the residue. [Pabodie v. King, 12 Johns. Rep. 426; Hall v. Constant, 2 Hall's Rep. 185.] In Bates v. Starr, ]2 Verm. Rep. 536,] it was decided, that a parol agreement between a creditor and debtor, founded upon no new consideration, that the former should not enforce a debt due in money, but receive payment for the same in professional or official services of the latter thereafter to be rendered, is not obligatory on the creditor, although the debtor may have extinguished part of the debt by services, under the agreement, and is willing to extinguish the whole in the same manner. An action, in such case, it is said, will lie at any time to recover the balance remaining unpaid. [But see Rutgers v. Lucet, 2 Johns. Cases, 92; Robertson v. Gardner, 11 Pick. Rep, 150; Bever v. Butler, Wright's Rep. 367.]

Let this view suffice to show, that the agreement to suspend execution was invalid for the want of a consideration; and that no *post factum* occurrence sustains it. This being the case, it follows that the judgment continued operative during the time it

was agreed that it should be stayed, and that the lien which it created upon the premises in question, is paramount to that of the deed of trust to Fisher.

The other questions discussed at the bar, are not indispensable to a decision of the cause; and we will, therefore, decline their consideration. It remains but to say, that the judgment is reversed, and the cause remanded.