## TURNER v. LAWRENCE.

1. When the parties interested in the distribution of money in the sheriff's hands appear and state an agreed case, the court may determine the right, although the sheriff has not made the application to the court, nor is a party to the case.

2. The judgment lien upon land is not impaired by mere delay, and the senior creditor who has within the year had his execution issued and returned *nulla bona* is to be preferred to a subsequent attaching creditor, if he places an execution in the sheriff's hands before a sale of the land.

Writ of Error to the Circuit Court of St. Clair.

THIS is stated in the agreed case, submitted for the decision of the circuit court, to be an application for directions, &c. as to the application of moneys in the hands of the sher-

iff.  The judgment entry recites the appearance of the parties by their attorneys, and their submission to the court of an agreed state of facts, on which they prayed the judgment of the court.  The facts are these :  The sheriff had made money on two writs of *fi. fa.*, one in favor of Turner against Wm. B. & W. Hardwick, and the other in favor of Lawrence against the same defendants.  Turner obtained his judgment on the 18th October, 1840, for $63 07, and costs $18 25, and on this a *fi. fa.* issued to the first term afterwards, and was returned no property.  Lawrence sued an attachment against the same defendants, which was levied on the land afterwards sold, returnable to the spring term, 1843.  Judgment was given in this suit the 6th March, 1844, a *fi. fa.* issued and came to the sheriff's hands 27th April, 1844, and an *alias fi. fa.* issued on Turner's judgment, which came to the sheriff's hands 1st July, 1844.  The same land was levied on by both *fi. fas.* and sold under both.  No other than this *alias fi. fa.* was issued after the first at the suit of Turner.  The question was, to which *fi. fa.* should the sheriff apply the money ?  The court decided the money should be applied to that of Lawrence, first satisfying the costs of the motion.

This judgment is now assigned as error.

Pope, for the plaintiff in error, insisted—

This case is different from the case of Henderson v. Richardson, 5 A. R. 350, and Little v. McGuire, at this term, in this : here the plaintiffs in each *fi. fa.* are before the court by agreement in writing ; this is "a voluntary appearance," in the language of the court in Henderson v. Richardson, *ut supra*.  2. In this case it is called an "appplication for directions, &c. as to applications of moneys in sheriff's hands."  This application could only come from the sheriff, and will therefore be presumed to come from him ; and as it appears the "parties whose interests are affected," "voluntarily appeared," "the proceeding thus assumed the form of a legal controversy."  [See language of this court, in Henderson v. Richardson.]  The judgment in this case is for costs out of the funds in the sheriff's hands, as well as for the application of the money.  The sheriff, being always in court as an offi-

cer of the court, his assent, as far as it may be necessary, (if it is not otherwise sufficiently shown by the record that the application was at his instance,) will be presumed. In the cases cited above, the controversy in this court and in the court below was between one of the plaintiffs in execution and the sheriff.

The plaintiff's (Turner's) lien was paramount. [Morris v. Ellis, 3 A. R. 560 ; Campbell, use, &c. v. Spence, et al. 4 A. R. 543 ; Land v. Hopkins, 7 A. R. 115 ; Quin v. Wiswall, 7 A. R. 645.]

PECK, contra, contended the writ of error should be dismissed. [Henderson v. Richardson, 5 Ala Rep. 350.] But if the cause is in a condition to be reversed, then he relied on Dargan v. Waring, Dec. Term, 1846.

GOLDTHWAITE, J.—1. We think this case is within the course of practice indicated in Henderson v. Richardson, 5 Ala. Rep. 350. It is there said that " when the sheriff is in doubt as to the appropriation of money collected, he should make a statement of the facts and ask the appropriate order. That this may be obligatory on all concerned, they should be duly notified, that they may come in, make themselves parties, and submit the claims to the court for decision. When this course is pursued, the proceeding assumes the form of a legal controversy;" &c. It is true there is no application here by the sheriff to the court, but the practice being settled that he may cause the parties really interested to be cited to contest their respective claims, there seems no good reason why those parties may not themselves submit the same questions for decision without the formal return of the sheriff. All courts exercise the power to protect their own officers against the conflicting claims of suitors, and the mode by which this is done is of little importance, provided the parties actually interested are before the court. In England, the mode is for the sheriff to apply for leave not to make his return, and this will be allowed until one or another of the claimants indemnify him. [Watson on Sheriffs, 196.] Our practice commends itself for its simplicity, and is equally safe for the sheriff. In the present case, the parties supposed to

have the conflicting claims to the money in the sheriff's hands, submit these to the court and ask its decision. If that, when made, is binding on them, it is not material that he officer should be before the court, for he is its mere servant, and as he is responsible to either of the parties, the other being out of the way, the judgment, as it concludes the rights of both, is final of the actual litigation. It is supposed, however, this is not distinguishable from Little & Co. v. McGuire, at this term, which was considered as governed by Henderson v. Richardson, 5 Ala. 350. The difference is, that there one of the claimants was not, but the sheriff was a party to the case agreed, so that the rights of one of the parties would have been concluded without his being before the court. We think the case agreed, in the case now before us, is between proper parties, and therefore proceed to consider the question raised.

2. It is supposed the lien of the older judgment is impaired in consequence of the superior diligence of the attaching creditor, by causing his levy at a time when the other creditor had omitted to continue his execution. The general course of decision with us with regard to executions, is to continue them when there has been no fraud or culpable laches on the part of the creditor. [*Wood* v. Gary, 5 Ala. 43; Johnson v. Williams, 8 Ib. 529.] With regard to the lien of a *fi. fa.* on goods, it is settled a junior creditor obtains priority of them in the lapse of an entire term in the execution of the senior creditor. The lien upon lands is not derived from the execution, but the judgment in this State has that effect. [Morris v. Ellis, 3 Ala. Rep. 560; Campbell v. Spence, 4 Ib. 543.] Laying out of view any fraudulent indulgence by the creditor, we think it must be assumed the right of a senior creditor will not be lost by the mere activity of one junior in point of time. It is sufficient for the elder creditor that by the diligence required by law he has secured his lien, and when this is done, there is no sufficient reason why he should not be permitted to repose on that right until it becomes important to sell the land at the instance of another. If seems to us he must be considered sufficiently active if he asserts his rights before his judgment is dormant by delay, or after one execution returned *no property,* by

causing another to be placed in the sheriff's hands before the land is sold under junior liens. In most of the States, where judgments are liens, the preference of the older judgment continues even in the application of the money. [Hickman v. Murfree, M. & Yerger, 26; Taylor v. Thompson, 5 Pet. 358; Thompson v. Atherton, 6 Ohio, 30.]

In Davis v. Hart, 2 Bailey, 412, it was held that although the land passed by sale under an execution on a junior judgment, yet the sheriff was bound at his peril to take notice of older judgments in his own district, and was responsible to the senior creditor in an action for the money. Without undertaking to concur in this case to its full extent, it is satisfactory to show that here the right of the senior creditor is not gone, or made inferior to that of the attachment creditor by his mere delay. We are satisfied, on the facts agreed he was entitled to the money in the sheriff's hands. It has been supposed a different conclusion was arrived at in Dargan v. Waring, at this term, but there the question was between a junior creditor who had levied, and settled his right to set aside a fraudulent deed, and a senior creditor selling under a levy after the bill filed, and indeed after the settlement of the contested facts. We then considered the levy, coupled with the proceedings in chancery, as equivalent to a sale in defeating the right of the senior judgment.

The judgment of the circuit court must be reversed, and in conformity with our position, remanded.