KING, Adm'r, v. CABINESS' Creditors.

1. Where an account cannot be stated in the first instance, by an administrator, the court at the final hearing is authorized to correct any errors or omissions apparent upon the account, or otherwise appearing.

2. An administrator *prima facie* is chargeable with interest under the statute upon all receipts until disbursement, and must discharge himself by oath.

Writ of Error to the Orphans' Court of Marengo.

King, in January, 1838, was appointed administrator with the will annexed of William Cabiness. In March, 1839, he returned the estate insolvent. The transcript states this report was accepted, but no formal decree appears, declaring the insolvency. Subsequently, in 1840, a commission was appointed to audit the claims upon the estate, but nothing seems to have been done under this order. On the first Monday of April, 1843, a citation was ordered for the administrator to make a final settlement of the estate, on the first Monday of May then next. The citation was executed, and the settlement was continued from time to time, until the March term, 1844, when the proceeding seems to have been discontinued. A new citation was ordered in March, 1845, for a settlement on the first Monday of April of that year. Under this citation, the administrator appeared and filed his account current, consisting of several items of debit and credit, without date, showing a balance against him of $4,954 43. No affidavit appears to have been made by him that he did not use the money, nor are the balances stated from year to year. The settlement was continued from time to time until the June term, 1846, when the court stated a new account against the administrator, showing a balance of $6,811 19. The difference between the two accounts seems to consist of interest charged the administrator on the balances in

his hands from 1838, to the period of settlement.   Distribution of that sum, was ordered between certain creditors named in the decree.   No exception to the decree, or to any of the proceedings was taken by the administrator, but after the decree he filed a petition to set it aside, on the ground that he was absent when it was made.   This was refused.

The administrator now sues out his writ of error, and assigns for error—

1. That the court proceeded to a final decree without the necessary preliminary steps being taken.   1. That the accounts and vouchers of the administrator were not filed.   2. Because the account was not examined, audited and stated for allowance.

2. In decreeing to the creditors, when there is nothing on the record to show they are creditors.

3. In basing the decree on an account current, when no such account appears.

4. In decreeing the balance of $6,814 to be distributed.

5. In charging the administrator with the several items of interest.

6. In making a final decree in the absence of the administrator.

7. In rendering a decree for the several sums in favor of creditors.

8. In rendering any final decree.

E. W. Peck and Loder, for the plaintiff in error.

Johns and Manning, contra, cited Cunningham v. Pool, 9 Ala. Rep. 615; Brazeal v. Brazeal, Ib. 491; Clark v. West, 5 Ib. 117; Lambert v. Garber, 6 Ib. 870; Hearne v. Harrison, 9 Ib. 731; Davis v. Davis, 6 Ala. Rep. 611; Williamson v. Hall, 6 Porter, 184.

GOLDTHWAITE, J.—1. No progress having been made toward the settlement of this estate under the final orders, it is necessarily governed by the act of 1843, (Martin v. Baldwin, 7 Ala. Rep. 923,) and the proceedings, so far as citation to the administrator, and notice to those having an ad-

verse interest, seem to be in strict conformity to that act. [Dig. 229, § 41, 42.] It further appears that the administrator, in obedience to the citation, stated an account current and although this is not the account which the court finally decreed, yet the restating the account upon the final hearing, is precisely what the statute directs. It is made the duty of the court, upon the final hearing to *audit and examine* the account, as well as to hear and determine any exceptions which may be made. This necessarily includes the authority to correct any matter in which an error appears, and the restating the account by the court is expressly directed. This power being ascertained, the assignments of error all fail, because there is no exception taken by the administrator to the action of the court at the hearing, and without which the decree cannot be examined on error. [Clark v. West, 5 Ala. Rep. 117, and cases there cited.]

2. This conclusion would relieve us from examining the imputed errors in the final decree, but as the one involving the only shadow of merit has been argued, we may as well state our conclusion upon it as a question of practice. The statute is very express, that an executor or administrator using the funds of the estate, shall pay interest, and in making their returns, they are required, (if the fact be so,) to deny on oath, that they have applied the funds to their own use. [Dig. 198, § 28.] *Prima facie* therefore, administrators are chargeable with interest upon all sums received until disbursed, and must discharge themselves by their own showing. [Brazeal v. Brazeal, 9 Ala. Rep. 491.] There was then no error in the court thus to correct the account stated by the administrator. We can perceive no error on the rcord. Judgment affirmed.