## SALTMARSH *vs.* BOWER & CO.

22   221
116   388

1. When defendant's answers to interrogatories filed to him under the statute are excepted to, and he does not in turn except to the ruling of the court in sustaining the exceptions, but answers over, he cannot raise an objection in the Appellate Court to the action of the primary court.

2. Answers to interrogatories under the statute are governed by the same rules that are applicable to answers to bills of discovery in chancery, so far as respects the nature of the discovery sought, and the effect of the answers as evidence when made.

3. In an answer to a bill of discovery in chancery, nothing can be considered impertinent which tends to disprove the existence of the cause of action or defence set up in the bill; and in like manner, an answer to interrogatories under the statute, whether it is purely responsive, or contains affirmative irresponsive allegations in avoidance of the demand, cannot be made the subject matter of exception.

4. When a party files interrogatories under the statute to his adversary, it is optional with him to read the answer or not; but if he offers a portion of it, he thereby makes the whole of it evidence.

5. The case of Lake v. Gilchrist, 7 Ala. 955, overruled as to the last point.

6. When assumpsit is brought on an account in the name of the assignor for the use of his assignee, it is not error to refuse to instruct the jury that the assignee acquired no right to maintain an action on the account by reason of the transfer; and a charge which asumes that the assignee must have a right to maintain the suit as plaintiff, is properly refused.

7. If a partner borrows money, upon the security of his firm's acceptance of another's draft, the acceptance, in the absence of matter which will avoid it establishes the relation of debtor and creditor, to the amount of the draft, between the firm and the lender.

8. Notice is a matter of fact for the determination of the jury from the evidence before them.

ERROR to the Circuit Court of Perry.

Tried before the Hon. GEORGE GOLDTHWAITE.

This was an action of ASSUMPSIT, instituted by William Bower & Co. for the use of John N. Smith against Saltmarsh, the plaintiff in error, to recover the sum of twenty-three hundred and eighteen $\frac{23}{100}$ dollars, alleged to be due upon an account stated. The declaration is in the usual form, and the defendant pleaded: 1st. Non assumpsit; 2d. Set off; and 3d. Payment; and the cause was tried upon these issues. Verdict and judgment for the plaintiff below for three thousand dollars and nineteen cents.

Upon the trial, a bill of exceptions was sealed by the presiding judge, by which it appears that interrogatories were propounded by the plaintiff to the defendant under the statute, which were answered by the defendant. His answers were excepted to, and the facts as to the ruling of the court upon the exceptions will sufficiently appear in the opinion.

Several charges were prayed for and refused, but as they appear in the opinion, it is deemed unnecessary here to state them.

BELSER, HARRIS and RICE, for plaintiff in error :

1. The agreement between Saltmarsh and Bower & Co., that the latter's account against Saltmarsh, which is the foundation of this suit, should be applied, *pro tanto*, to the payment of the judgment which Saltmarsh had obtained against Smith, and the transfer of the account to Smith for that purpose, operated as a payment of the judgment, and extinguished the account as a ground of action against Saltmarsh. Cole v. Justice, 8 Ala. 795 ; Mitchell v. Sanford, 11 ib. 695 ; Fulford v. Johnson et al., 15 ib. 385 ; 1 Sanford's Rep. 50.

2. The answers of Saltmarsh to the interrogatories propounded to him, were unobjectionable. He had the right to state all the circumstances connected with the particular matter about which he was interrogated, and his answers to that extent are evidence for him. Clay's Digest 341, § 160; Lake v. Gilchrist, 7 Ala. 955.

3. One of the bills of exchange offered as a set off was in existence at the time when the account was transferred ; and being accepted by Bower & Co , the legal presumption is, that they were accepted with the assent of the members of the firm, and therefore binding on the firm : and being the debts of the firm, they were proper off sets against Bower & Co.'s said account. 7 Ala. 640.

4. The notice of the transfer of the account, given by Smith, was not sufficient to prevent any off set, which Saltmarsh may have acquired, from being available.

I. W. GARROTT, *contra :*

1. Most of the assignments of error are predicated upon rulings of the court to which no exceptions were taken, and

which cannot, for that reason, be reviewed in this court. Milton v. Rowland, 11 Ala. 732; Griffin v. Stoddard, 12 ib. 783; 9 ib. 560; 1 Eng. 546.

2. The ruling of the court, in sustaining the exception to the answer to the second interrogatory, was correct. The interrogatory was propounded in reference to one item only of the account; anything, therefore, that defendant said in reference to any other item was not responsive. Lake v. Gilchrist, 7 Ala. 955.

3. The court did not err in refusing to give the several charges asked. The first charge asked was abstract; because, Smith did not bring the action, but Wm. Bower & Co., and the court can only know the parties to the record. The second charge asked was also abstract, and for the same reason. The cases of Cole v. Justice, 8 Ala., and Mitchell v. Sanford, 11 Ala., have no application to the facts of this case. There is no evidence whatever in the record to sustain the third charge asked, and it was therefore properly refused. The last charge asked was properly refused: 1. Because it was founded on a part of the evidence only,—White v. Reed, 15 Conn. Rep. 457; and 2. Because it took from the jury the determination of the question whether the evidence was sufficient to establish the notice. Notice is a question of fact.

CHILTON, C. J.—This was an action of assumpsit by Bower & Co. v. Saltmarsh, the plaintiff in error, to recover upon an alleged account stated for $2318 $\frac{2.8}{100}$, the suit being brought for the use of John N. Smith. The defendant pleaded non assumpsit, set off, and payment. There was a judgment and verdict in favor of the plaintiff below for $3000 $\frac{1.9}{100}$, to reverse which the cause is brought to this court.

1. Several objections to the regularity of the proceedings in the court below, are attempted to be raised in this court, upon rulings respecting various exceptions shown by the record to have been taken by the plaintiff below to the answers of the defendant to interrogatories exhibited to him for a discovery under the statute; but, with a saving which we shall presently advert to, it does not appear that any exception was taken in the court below to the action which

was had upon them. The defendant, after the court had passed upon the sufficiency of his answers, holding some of them wholly insufficient and others partially so, proceeded, without excepting to the ruling of the judge, to answer over. By thus doing, in our opinion, he conceded the correctness of the court's decision, and cannot raise an objection to it for the first time in this court. Numerous authorities to be found in our reports show, that matters cannot properly be assigned for error in this court, which were not excepted to and presented by bill of exceptions, or reserved in some other form in the court below. Reavis & Mather v. McLosky & Hogan, 5 Stew. & Por. 330; Long v. Easley, 13 Ala. Rep. 239–245; King, Adm'r, v. Cabiness' Creditors, 12 Ala. Rep. 598–600; Clark v. West, 5 ib. 117; Gordon v. McLeod, Ex'r, 20 ib. 242; Andress v. Broughton, 21 ib. 200.

This disposes of all those assignments of error which question the correctness of the rulings of the court upon the sufficiency of the answers of the defendant to the plaintiff's interrogatories propounded to him, except in reference to that portion of his answer to the second interrogatory to which the court sustained an exception, and to which decision of the court the defendant in error excepted.

2. The interrogatory propounded was in the following language, namely: "According to the best of your knowledge and belief, is not the first item in said account (that of $792 $\frac{80}{100}$) correct, the same being a balance due to said William Bower & Co. on an account, or accounts, existing between you and said Wm. Bower & Co. previous and up to the date of said item? Was not an account rendered you, showing your indebtedness to said William Bower & Co. as stated in said item, and have you not the same now in your possession? If not, in whose possession was the same when you last saw it, or knew of its existence? Do you deny your indebtedness to said William Bower & Co. at the time and in the sum stated in said first item of said account, and each and every part thereof? If you deny only a part of said item, state how much you so deny."

To this interrogatory the defendant answered as follows: "According to the best of my knowledge and belief, the first item in said account is not correct, it being $792 $\frac{80}{100}$, as per

account rendered of the date of said item. It should be $592 $\frac{80}{100}$. No account was ever "rendered" me "showing my indebtedness to said William Bower & Co., as stated in said item, nor have I such in my possession, nor such have I seen at any time in the possession of any one. I do deny my indebtedness to William Bower & Co. at the time and in the sum stated in said first item of said account, for two reasons: first, because said item should be $592 $\frac{80}{100}$, and not $792 $\frac{80}{100}$, as per account rendered as stated above; and 2d. because, (denying any indebtedness on account of said item, or any subsequent item,) at the date of said item, as well as at the date of the transfer of the account sued on, I was not indebted to the said William Bower & Co. in any amount, they being indebted to me at both of said periods, in a much larger amount, for moneys lent and advanced to and for them and their use, and for moneys paid for and on account of liabilities for them."

That portion of the above answer which assigns the second reason for the defendant's not being indebted to Wm. Bower & Co., and for his denial of such indebtedness "at the time and in the manner as stated in the first item of the account," was excepted to by the plaintiff's counsel: 1st. because not responsive; 2d. because it was evasive; 3d. because the defendant fails to answer the last question therein." He also excepted to the words in said answer "or any subsequent item," because not responsive; also to defendant's denial that he was not indebted in any "amount," because he was only called on to admit or deny a particular item; also, to all after the word "amount" in said answer, because not responsive. The court sustained this exception to that portion of defendant's answer; to which ruling said defendant excepted, and the answers, exclusive of that portion excepted to, were read to the jury.

It is sometimes very difficult to arrive at satisfactory conclusions upon questions arising under this peculiar statute; and it is our duty to subject them to a somewhat rigid examination, since they rarely involve very substantial grounds for reversing the judgment. We have held, that, notwithstanding they originate in a court of common law, we must apply to them the same rules which are applicable to answers

to bills of discovery in chancery, (Wilson v. Maria, 21 Ala.
Rep. 359,) so far as respects the nature of the discovery
sought, and the effect of the answers as evidence when made.
If an answer is responsive to a question propounded, and to
which it purports to be a response, all agree that the party
who has obtained it, cannot read one portion of it and ex-
clude the remainder; but the party making the discovery
has a right to read such other portion to the jury; as, with-
out this, it is clear much injustice might be done, by submit-
ting garbled statements to the jury, cutting off the party from
whom they were obtained, from all benefit of the explana-
tion he has made. Monroe v. Pritchett, at the present term.
While, however, this is conceded, the great difficulty in most
of the cases has been, in determining what is, and what is
not responsive.

According to the statute, the interrogatories must be
"such as the party would be bound to answer upon a bill of
discovery in a court of chancery." Clay's Dig. 341 § 160. It
is further declared by the same section: " And the answers to
such interrogatories being so given and filed, shall be evi-
dence at the trial of the cause, in the same manner and to
the same purpose and extent, and upon the same condition
in all respects, as if they had been procured upon a bill in
chancery for discovery, but no further or otherwise." It re-
sults from this statute, that we must consider that portion of
the answer to the second interrogatory as if it had been made
upon a bill for discovery, and test its sufficiency as proof by
the rules which apply to answers of that kind.

The practice has grown up under the above named statute,
to allow interrogatories without requiring the party pro-
pounding them to make a statement of the matter about
which he seeks a discovery, although a different practice ap-
pears to have been at first indicated; (5 Ala. Rep. 152; ib.
731;) and in this way it may often happen, that interroga-
tories are held good which, if propounded in a bill of dis-
covery, would be subject matter of demurrer. To illustrate:
A bill of discovery must state the matter sought to be dis-
covered, and show that it is material, and that the party has
a right to the discovery in aid of a meritorious ground of
action. Lucas v. The Bank of Darien, 2 Stew. 280. It would

contravene the first principles of equity, to hold that a party, either plaintiff or defendant, could resort to equity for a discovery of mere insulated facts, not predicated upon a legal ground of action, or of defence, as the case may be, and, by thus confining his adversary to such particular facts, cut him off from all explanation. In this way a party, without the shadow of right, might easily entitle himself to a recovery, or drive his adversary to a bill of discovery against him, in order to parry the effect of a partial disclosure; but equity strives to avoid this multiplicity of suits, and requires the bill to be so framed as not to confine the opposite party to an isolated fact, depriving him of all benefit of explanation by the form of the pleadings, but so as to allow the merits and justice of the case to be attained, by affording to the party against whom a disclosure is sought, the benefit of a full answer.

In Jewett et al. v. C. & G. Belden, 11 Paige 618, the above doctrine was enforced as respects a defendant, and we see no reason why it is not equally applicable to the complainant in the law court. Assuming, then, as the law, that the complainant in a bill of discovery must state the nature and substance of his cause of action, or of defence to the action, as the case may be, it follows, that nothing contained in the answer can be considered impertinent which tends to disprove the existence of such cause of action, or of such defence, as is made out by the bill. The interrogatories are founded upon the statements of the bill; and, although the pleader may restrict them to a particular fact, yet, if the statement of the bill justifies the defendant in going beyond the interrogatory, his answer does not thereby become impertinent or irresponsive, but is sustained by reference to the statement. Thus it is, that the court of equity, always desirous of reaching the merits of the case, compels parties who resort to its aid, by the forms of its proceedings, to lay bare the true facts, so that justice may be done.

It is very clear, that the statute was not intended to confer upon parties who might seek a discovery under it, a greater advantage than they could have had in equity; yet this advantage would accrue, (and, in many cases which could be put, much to the detriment of the party required to answer

them,) if he is confined in his answer to a direct response to the interrogatory, however restricted, without regard to what the complainant, if he had resorted to a court of chancery, would have been required to allege, as the predicate for such inquiry, in the stating part of his bill.

There is no difference between a bill of discovery and an ordinary bill for discovery and relief, except in the prayer; the former, when purely for discovery, prays no relief, but merely "that the defendant make a full and true discovery of all and every the matters aforesaid," &c.

Had the plaintiff in this case resorted to a bill of discovery, he would not have been entitled to it, had he failed to make out such a case as would entitle him to recover at law. Mit. Pl. 187; 2 Bro. Ch. Ca. 155; Bea. Eq. Pl. 276; Story's Eq. Pl. §§ 318 to 325 inclusive; 1 Ver. 399; 3 Atk. 200. These authorities will show, that the plaintiff must set forth his title and interest in the subject of the discovery, and must set forth in particular the matters in relation to which the discovery is sought. The bill thus opens up the whole case, and usually states the matters of defence, by way of pretence, and then avoids them, See forms in Eq. Draftsman, 375 *et seq.* There is no difference in the manner of answering such bill, and a bill for relief; for, if the defendant submits to answer, he must answer fully, and his answer may embrace everything which goes to the merits of the controversy, and which would enable the court, in which the answer is to be used as evidence, to determine advisedly upon the matters in issue.

The defendant in such answer may set up any matter showing that the plaintiff has no right of action, and bring up his defence, if he have a valid one, thus charging and discharging himself, or confessing and avoiding the allegations of the bill. He has no right to introduce impertinent matter, but may answer to any and every matter going to the true merits of the issue or issues involved in the litigation; and whether his answer contain affirmative irresponsive allegations in avoidance of the demand, or is purely responsive, is no more the subject matter of exception than in an answer to a bill for discovery and relief.

Suppose, then, in this case, the plaintiffs had filed their bill,

Saltmarsh v. Bower & Co.

averring the justness of the demand sued upon; that each item of the amount was just, and had not been paid, or otherwise settled or arranged; that it had been transferred to Smith, as by the endorsement on it appears, and that all these facts were within the personal knowledge of the defendant, and a disclosure from him of them was necessary or material upon the trial of the action at law then pending. It is too clear to admit of doubt, that the defendant's answer might well have embraced the matter which the court excluded. True, it might have been liable to an exception, for failing to set out the sums paid to and for the plaintiffs, &c., as not being sufficiently specific; but this was not the objection raised in the Circuit Court. The ground, doubtless, was that insisted upon by the counsel here, viz: that the answer was irresponsive to the question. We have seen, that it would not have been irresponsive, or rather, irrelevant to a bill filed for discovery; and, had it been made to a bill, it would not have been competent for the common law court to admit a portion of it, at the instance of the plaintiff, and to exclude the remainder. The rule is, says Mr. Phillips, if part of an answer in chancery is read in evidence, the other party is entitled to have the whole read; and if, on exceptions taken, a second answer is put in, the defendant may insist upon having that also read, to explain what he swore in his first answer. 1 Phil. Ev. 358, mar. p.; 1 Starkie on Ev. 291; Lawrence v. Ocean Insurance Co., 11 John. Rep. 260; 1 Caines' Rep. 157. This rule is subject to some exceptions, which, however, it is unnecessary to notice here, as the case before us does not involve them. See 3 Phil. Ev. (C. & H. Notes) pp. 926, 927, N. 643, and cases cited; Gresley's Eq. Ev. 324–5; Gilb. on Ev. 51; Bull. N. P. 237; Greenl. Ev. §§ 201, 202, and cases cited. These authorities, we think, settle beyond controversy that, had the answer which the court excluded been obtained upon a bill of discovery, it would have been clearly competent. The statute which we have quoted then comes in, and by its terms makes the answer evidence, if offered by the party who obtains it, "in the same manner, and to the same purpose and extent, and upon the same condition in all respects, as if it had been obtained upon a bill in chancery for discovery," &c. Clay's Dig. 341, § 160. It follows, therefore, that the court erred in excluding the evidence.

The plaintiff, after obtaining the discovery, is not bound to read the answer, but it is optionary with him to read it or not. Unless he choose to read it, the other party cannot; so that in all cases he has the privilege of experimenting upon the chances of benefit which a discovery may afford.

If he offers a portion of it, he makes the whole evidence, and submits for the jury to determine what weight they will give it. Some confusion has been introduced into the decisions by not observing the distinction between an answer as evidence in the cause in equity in which it is made, and when offered in the common law court. In the first, it is only evidence so far as it is responsive; but in the latter, the whole being evidence, it is for the jury to give to each portion whatever of weight they may think it deserves.

We have deemed it proper to say this much upon the point, not because of any intrinsic difficulty involved in it, but because one or two decisions of this court seem to be opposed to the construction we give the statute, and put the examination upon the rules which obtain in taking depositions upon written interrogatories. This is manifestly wrong, as it would allow one party to make a witness out of the other, limiting him, by the form of the interrogatories, to certain facts which would make in favor of the party propounding them, and cutting him off from all other disclosures, however material to the justice and merits of the controversy. The answer must not be tried by the rules governing depositions, but must be regarded as the answer of a party to a bill in equity for a discovery, containing every averment necessary to constitute it a good bill, and as affording to the defendant the benefit of a full answer to the demand set up by the bill. This construction is demanded by the letter and spirit of the statute, and would prevent the injustice which any one can readily perceive would result in many cases from a different rule.

The case of Lake v. Gilchrist, 7 Ala. 955, is perhaps the only one which puts the party answering the interrogatories in the same category with a witness, confining him to a mere response to the interrogatory, and holding a disclosure beyond that objectionable. Upon this point, which is stated in the last head-note of that case, we must recede, believing it is not

a correct exposition of the law.   The case of Lady Ormon v. Hutchison, 13 Ves. 53, relied upon in that opinion, fully sustains the view we take in this, and shows the distinction which we have before taken of an answer upon a bill of discovery, and an answer subserving the double purpose of evidence and pleading, when used as evidence, upon the cause in which it is made.

A few words may dispose of the objections to the ruling of the court with respect to the several charges. ·

The first charge asked by the defendant below and refused, was, that Smith, the party for whose use the suit was brought, acquired no right to maintain an action on the account by reason of the transfer attached to it, which was made by Wm. Bower & Co. to him.

This was properly refused; for Smith was not the plaintiff, but Wm. Bower & Co. for his use.

The second charge, which calls in question the validity of the transfer of the account to Smith, by reason of an agreement entered into between Wm. Bower & Co. and the defendant, Saltmarsh, to apply the account *pro tanto* to the payment of the judgment which the latter had obtained against Smith, as the security for Bower & Co., in Lowndes county, was properly refused, as it was objectionable both in form and substance.   It assumed, that the contract to apply the account destroyed the right of action, irrespective of whether Saltmarsh had not repudiated such contract, and succeeded in the *supersedeas* suit in rejecting it as a credit; and further, it assumed that Smith was the plaintiff who must have a right of action as necessary to the maintenance of the suit.   It was obviously calculated to mislead the jury, and properly refused.

The third charge refused was: "That if Saltmarsh loaned Wm. Bower $6000 in the year 1845, and Wm. Bower &.Co. gave their acceptance for the loan and interest at twelve months, on S. M. Hill's draft for $6,480, it was a loan to Wm. Bower & Co. by the admission to that effect created by the acceptance."

We are not sure that we fully comprehend the meaning of this charge.   As an abstract proposition, it would seem inconsistent with itself; for a loan to Wm. Bower as an individual could not, in the nature of things, be a loan to the

firm composed of several individuals. The firm may have become bound for the re-payment of the money, however, and if the charge meant to assert that the loan was effected by Bower, on the security of the acceptance by the firm of Wm. Bower & Co. of Hill's draft, then there can be no question, but that such acceptance would establish the relation of debtor and creditor to the amount of the draft, as between Saltmarsh and Wm. Bower & Co., unless, indeed, it was void for some reason, which the record before us fails to show. As a general rule, in all contracts concerning negotiable paper, the act of one partner binds all; and this, even though he sign his individual name, provided it appears on the face of the paper to be on partnership account, and to be intended to have a joint operation. But if the partner deal on his individual account, and this is known to the party with whom he deals, who, nevertheless, takes the obligation or security of the firm, without the knowledge or consent, either express or implied, of the other partner, it would be a fraudulent transaction, and void (3 Kent 42) as between the members of the firm defrauded and the party thus obtaining the security. But there is no evidence in the record that such was the case here, nor does it raise any question as to the statute of frauds. If the money was borrowed by Bower, upon the security of Hill's draft, which was accepted by the firm, this, in the absence of matter which would avoid the acceptance, makes the firm the debtor to Saltmarsh, although the money was lent to Bower.

The fourth charge asked, viz: that what occurred in a certain interview between Saltmarsh and Bower did not amount to notice on the part of Saltmarsh, of the transfer of the account by Bower & Co. to Smith, was correctly refused, inasmuch as notice was a matter of fact to be tried by the jury, and it was for them, and not for the court, to determine whether the evidence established such fact. The charge asked would have been an invasion of the province of the jury.

For the error in rejecting the portion of Saltmarsh's answer which was excluded, the judgment must be reversed, and the cause remanded.