A. J. "WALKER, C. J.
The returns upon the executions issued upon the defendants’ judgment, the letter" of the owners of the judgment, of 29th April, 1842, the payments of $565 on 7th Jan., ’42, and $630 on 3d June, ’42, and the agreement of counsel, upon which the case was tried, all considered together, lead us to the conclusion, that there was a stay of execution, resulting from the active interference of the parties having a right to control the judgment, from the 27th June, 1841, to 19th June, 1843. On the 30th February, 1843, during the suspension of proceedings under the judgment, the complainants’ deed of trust was made.
The mere failure on the part of a judgment creditor to prosecute his remedies for the collection of his judgment will not affect his lien. — Turner v. Lawrence, 11 Ala. 427; DeVendell v. Hamilton, 27 Ala. 171; Dargan v. Waring, 11 Ala. 988; Sellers & Cook v. Hays, 17 Ala. 749, But, in the case of Patton v. Hayter, Johnson & Co., 15 Ala. 18, it was decided, that the lien of a judgment creditor,' *124 who directed his execution to be held up, would be postponed to a junior creditor, whose execution was levied 'while the senior creditor’s execution was held up under such order. — See, also, McMahan v. Green, 12 Ala. 71-74; Br. B’k at Montgomery v. Broughton & Duprey, 15 Ala. 132; Leach v. Williams, 8 Ala. 764; Wood v. Gary, 5 Ala. 152; Br. B’k v. Robinson, 5 Ala. 628; Albertson, Douglass & Co. v. Goldsby, 28 Ala. 711. The same principle has been applied in favor of a mortgagee, who came in during a suspension of proceedings under the judgment, and whose mortgage was executed upon a valuable consideration passing at the time. — Albertson, Douglass & Co. v. Goldsby, supra.
It is supposed that the same principle cannot apply to this case. But why not ? The ground upon which the cases proceed is, that the interference to prevent the collect,ion of the judgment by the plaintiff is constructively fraudulent, and destroys the lien, quoad other creditors, whose executions are levied during the operation of such interference. If the interference is constructively fraudulent, why shall it open a door for judgment creditors alone to come in ? Why should that differ from all other frauds, in vitiating only as to judgment creditors ? Why may not a creditor, not having a judgment, come in and acquire alien by contract, as a creditor having a judgment may acquire a lien by virtue of bis judgment, or by levy of process ? We can see no grounds for a discrimination against any creditor who comes in during the constructively fraudulent suspension of proceedings under the judgment, and acquires a lien by mortgage or deed of trust; and if he is a creditor, it cannot injuriously affect him that the mortgage is given to secure antecedent debts. It is his character of creditor which clothes him with the right to claim advantage of the fraud. '
We cannot reconcile the judgment rendered in Doe, ex dem. Leverich v. Bates, 6 Ala. 480, with our conclusion; nor can we reconcile it with the later case of Patton v. Hayter, Johnson k Co., supra, -which had relation'to alien on land. The decision seems to have been made without noticing or adverting to the principle *125 settled i n Patton y. Hayter, Johnson & Co., and cannot be permitted to weigh as an authority adverse to a principle which was manifestly not thought of when it was made. The only question? which is considered in the case of Leverich v. Bates, is as to the effect of an agreement, without consideration, to stay execution. 'With all that is said we entirely concur, and nothing in this opinion is at war with it. The decision in that case was not designed to touch the question now in hand. So far as it may have affected the question by inference from the judgment rendered, it is at war with the later ease in 15 Ala.; and to that we prefer to adhere, rather than to the adjudication upon the point inferred from the judgment rendered in Leverich v. Bates.
The decree of the court below is reversed, and the cause remanded, to be proceeded with in pursuance of the foregoing opinion.