Russell *vs.* Barrow.

RUSSELL VS BARROW.

1. A man may, under many circumstances, destroy the property of another, and yet be wholly justified ; as

2. Where one kills an enraged bull, in the necessary defence of himself, or the members of his household, he is justitled : and where trespass is brought by the owner of the animal, in such a case, if the defence were presented by plea, the defendant would be entitled to a verdict.   Yet

3. *Semble ut,* facts amounting to a justification are more proper'y given in evidence under a special plea, than under the general issue,—*et semble ut etiam*—

4. Where not guilty is the plea p'eaded, and the evidence of these facts thus amounting to a justification, if presented under the proper plea, is suffered to go to the jury without objection, it may well be considered by them, in mitigation of damages.

Error to the Circuit court of Fayette county.

Trespass for killing a bull.    In this case, the plaintiff, at the Fall term of the court, eighteen hundred and thirty-four, declared against the defendant ; for that whereas, therefore, to wit, on a day stated in the declaration, in said county, the defendant shot and killed a certain bull, the property of plaintiff, then and there found, and being of great value, to wit, of the value of one hundred dollars, and other wrongs then and there, did contrary to the peace and dignity, &c.

The defendant pleaded not guilty, and a verdict was rendered for the plaintiff.

A bill of exceptions, taken in the progress of the trial, set forth, that on the trial of the cause, it was in proof

Russell vs. Barrow.

before the jury, that the bull of plaintiff, for killing of which, the suit was brought, came in an apparent ill mood and angry manner, on the premises of defendant, and that when there, he manifested a disposition to fight, and made an effort to gore the horse of defendant, and that defendant attempted to run the bull off the premises with dogs. That after the bull had been run some distance, he returned and broke into the enclosure at defendant's house, where he was again assailed by the dogs. That defendant's family, through fear of their persons, were induced to run up stairs. The bull, seeing the defendant in the piazza of his dwelling house, which was a double house, having rooms at each end, and a piazza or open hall in the middle, rushed into the piazza, and turning his head into the door of the room where defendant's family had taken refuge,—was, in that situation, shot several times, and killed. The court charged  the jury, that the law would in no event permit one man to kill or destroy the property of another, without being responsible to the owner for the value thereof, and that if they believed from the evidence that defendant had killed plaintiff's bull in his own self defence, or the defence of his family, it would not vary the law of the case, which authorised them to find for the plaintiff. Defendant asked the court to charge the jury, that if they should believe from the evidence, that defendant had killed the bull in self defence, or in defence of his family, and that he had used ordinary and prudent means to drive the bull from his premises, in the first instance, and that in defence of himself or his family, it became necessary to kill the bull;—in such case, they

should find for the defendant.    This charge the court refused to give, but repeated that in all cases where the property of an individual was destroyed, the destroyer was answerable over to the owner for the value thereof.    To all of which, defendant excepted, &c.

*Peck & Clark*, for plaintiff in error.

GOLDTHWAITE, J.—No objection appears to have been made in the Circuit court, to the introduction of the evidence, as applicable to the issue formed between the parties; nor was any attempt made to exclude it from the jury for this reason, but it seems to have been considered as properly before the court and jury.

Under these circumstances, the charge is certainly erroneous, and we do not feel at liberty to construe it as having been made on mere abstract questions, not arising in the particular case; which rule, perhaps, may be applied, without doing injustice to the refusal to give the charge asked for.

We understand the court to have said to the jury, with reference to this case, that under no circumstances, will one citizen be permitted to destroy the property of another, without being responsible, in damages, for its value.

In this opinion, the court erred —A man may, under many circumstances, destroy the property of another, and yet be wholly justified, as in the case before us, he certainly was; and if he had presented the defence by plea, he would have been entitled to a verdict,—and as the parties seem to have waived a plea, by permitting the

Russell *vs.* Barrow.

justification to go to the jury without objection, it was a matter which the jury could have considered in mitigation of damages at least, if they had not been instructed by the court as before stated.

We do not deem it necessary to go into an examination of authorities, to establish a position which seems to be self-evident—that a man, who is forced by circumstances, to protect his own life, or the lives of members of his household or family, by the destruction of a beast, cannot be made responsible to its owner for its value. If, in such cases, a loss happens, it is more just that it should fall as a misfortune on the owner, than on him who is acting in strict conformity with the first law of nature.

The judgment must be reversed and the cause remanded.