# Woodstock Iron Works *v.* Stockdale.

*Action by riparian Owner to Recover Damages for Di-version of Stream.*

1. *Damages; when not proximate result of defendant's act.*—In an action by a riparian owner to recover damages for the diver-sion of water from its natural stream, thereby diminishing plaintiff's water supply, the fact that plaintiff was forced to use water from his well for all purposes and the same became muddy and impure, causing his wife's sickness, was not the proximate result of the act of the defendant in diverting the stream.

2. *Expert testimony; when admissible.*—In such case, where a count of the complaint averred that the diversion of the water affect-ed the healthfulness of plaintiff's premises, it was competent for the plaintiff, being a physician, to testify that his wife was sick at a stated time, and, as an expert, to testify to the cause of her sickness.

3. *Pleading; motion to strike; refusal of, not reversible error.*—This Court will not reverse a judgment on account of the refusal of the lower court to strike non-recoverable damages from the complaint.

APPEAL from the City Court of Talladega.

Tried before the Hon. G. K. MILLER.

This was an action by the appellee, a riparian owner, against the appellant to recover damages for the diver-

sion, by the appellant, of water from a stream running through appellee's premises.

The complaint contained several counts, averring in substance the ownership of certain lands by plaintiff, through which "Dry Creek" ran for a long distance, and the damming up and diversion of the stream by defendant, causing it to flow out of its natural channel, at a point above the land of plaintiff, thereby injuring plaintiff's land and affecting the healthfulness of plaintiff's premises. Count 1 contained the following averment: "Plaintiff suffered great inconvenience, annoyance and damage in a large sum, to-wit: $1,000.00, by said diversion by the defendant of the said waters of said stream, in this, that plaintiff's only source of water supply, other than 'Dry Creek,' was a well which only afforded sufficient water for drinking purposes for plaintiff's own family and, by being forced to use said well for all purposes, the same became and was rendered muddy, impure and disagreeable to drink, causing sickness of plaintiff's wife and mental suffering to plaintiff, all to plaintiff's injury and damage." The defendant moved to strike this portion of the count, on the ground that the damages sought to be recovered are too remote and speculative and are not the proximate result of the wrongs complained of as done by defendant. The court overruled the motion, and defendant excepted.

Two witnesses were examined in behalf of the plaintiff, and their testimony tended to prove the averments of the complaint. On the examination of the plaintiff as a witness in his own behalf, his counsel asked him the following question: "Was your wife sick during this summer or fall and if so, what in your opinion as a physician caused this sickness, and did you suffer any mental anxiety on this account?" To this question the defendant objected on the following grounds: 1st. "Irrelevant, illegal, and immaterial." 2nd. "Plaintiff cannot recover damages in this action for mental sufferings, or for his wife's sickness." 3rd. "The fact that his wife drank muddy water and became sick and he suffered mental anguish in the manner testified to does not show any liability for such sickness on the part of the defendant." The court overruled the motion and the defendant excepted.

The defendant introduced eight witnesses, whose testimony tended to show that the defendant dammed up 2 of 9 prongs of "Dry Creek"; that the effect of the dam was not appreciable, and did not cause the water to flow less freely through plaintiff's premises, and did not injure him.

The court, sitting as a jury, rendered judgment in favor of the plaintiff for fifty dollars, to which judgment the defendant excepted.

The defendant appeals and assigns as error the several rulings of the court to which exceptions were reserved.

KNOX, DIXON & BURR, for appellant.—The motion to strike should have been granted. Mental distress caused by sympathy for another's suffering is not a proper element of damage.—8 A. & E. Encycl. Law (2d ed.), 664; *Wyman v. Levitt,* 36 Am. Rep. 303; 1 Jag. Torts, 371; *Cowden v. Wright,* 35 Am. Dec. 633; *Black v. Carrolton Co.,* 63 Am. Dec. 587; *Coole v. Tuck,* 108 Ala. 227. Where evidence, sought to be introduced, is illegal on its face, it is not necessary to specify grounds of objection.—*Lecrow v. Wiggins,* 31 Ala. 18; *Poole v. Devers,* 30 Ala. 675. The great preponderance of the evidence is against the finding of the lower court and a judgment should be here rendered for the defendant.

H. L. McELDERRY, *contra.*—The motion to strike was properly overruled.—*Croaker v. C. & N. R. R. Co.,* 17 Am. Rep. 575; *Davis v. L. & N. R. R. Co.,* 108 Ala. 662. The court properly permitted plaintiff to testify regarding his wife's sickness.—*Brown v. Chicago R. R. Co.,* 80 Mo. 457; s. c., 41 Am. Rep. 41. The court properly rendered judgment in favor of the plaintiff.—*Stein v. Borden,* 29 Ala. 127; Colley on Torts, 76; *Tenn. etc. Co. v. Hamilton,* 100 Ala. 262; *Randolph v. Bloomfield,* 77 Iowa, 50; *Meager v. Driscoll,* 99 Mass. 281; *Mitchell v. Billingsley,* 17 Ala. 394; *Hood v. Pioneer Co.,* 95 Ala. 461; *Ogletree v. McQuagg,* 67 Ala. 587.

ANDERSON, J.—"The rule is general, that a person is not to be held responsible in damages for the remote consequences of his act, or indeed, for any but those

which are proximate and natural."—8 Am. & Eng. Ency. Law, 561.

We think that so much of the complaint as claims damages for the reduction of the supply of well water and the results therefrom, including his wife's sickness, was due to the plaintiff's act in using the well, and not the proximate result of any wrong of the defendant, and the motion to strike this claim from the complaint might well have been sustained. Under no theory could the plaintiff recover for the mental suffering of himself caused by the sickness and suffering of his wife, as the right to recover for mental suffering, resulting from bodily injuries, is restricted to the person who has received the bodily hurt. Mental distress, caused by sympathy for another's suffering, is not a recoverable element of damage. A parent cannot recover for mental distress and anxiety, on account of physical injury sustained by a child, nor can a parent recover damages for anxiety for the safety of his or her child, placed in peril by negligence of another. Similarly, it has been held, that a husband's mental suffering, caused by his wife's condition, cannot be shown to increase the amount of damages.—8 Am. & Eng. Ency. Law, 664; 16 Mich. 180; 36 Am. Rep. 303.

Where the averments of a part of a count are defective but which could be striken out and still leave a good cause of action, the proper way to meet the defect is by motion to strike, objection to the evidence, or by requests for instructions to the jury.—*Tillis v. Smith,* 108 Ala. 264; *Cole v. Tuck,* 108 Ala. 227; *L. & N. R. R. Co. v. Hall,* 91 Ala. 118; *C. & W. R. R. Co. v. Bridges,* 86 Ala. 448; *Copeland v. Cunningham,* 63 Ala. 394. Hence, there was no error on the part of the trial court in overruling the demurrer.

The objection to the question to the plaintiff, "Was your wife sick during the summer or fall and if so what in your opinion as a physician caused this sickness, and did you suffer any mental anxiety on this account?", was properly overruled. One of the amended counts contained an averment that the diversion of the water affected the healthfulness of plaintiff's premises and it was competent for him to testify, as an expert, what

caused his wife's sickness, but not that he suffered mental anxiety on this account. The objection however, was to the whole question and not to the part that was illegal, and this Court has often held that such an objection should be overruled unless all of the question was illegal. The motion to exclude the answer was also directed to all of it, not the illegal part, and was properly overruled.

We are not prepared to say that the trial judge erred in the general conclusion reached on the facts. It is true a majority of the witnesses testified that as much water dashed over the dam while the pump was in action as when it was not running. This may be true, yet whatever water was pumped out was diverted from the natural course, and the supply that would flow in the direction of plaintiff's land was lessened to that extent.

We have come to a consideration of the court's refusal to sustain the motion to strike the non-recoverable damage from the complaint. It has been repeatedly held by this Court that the refusal of the court, to sustain a motion to strike non-recoverable damage from the complaint, will not be reversed on appeal.—*Marx v. Miller,* 134 Ala. 347; *Columbus & Western R. R. Co. v. Bridges,* 86 Ala. 448; *Goldsmith v. Pickard,* 27 Ala. 142.

Affirmed.

McCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.