# Carwille *v.* Franklin.

*Assumpsit.*

(Decided Dec. 16, 1909.    51 South. 396.)

1. *Deposition; Objections to; Time.*—Where evidence is irrelevant or illegal and its infirmities are not capable of being removed, the court may exclude it at any stage of the trial, hence, objections to parts of depositions and answers which were illegal and incompetent by virtue of Section 4007, Code 1907, may be made at the time of the introduction of the deposition, and do not fall within the influence of section 4042, Code, 1907.

2. *Discovery; Interrogatories; Irresponsive Answer.*—Where plaintiff filed interrogatories to defendant under the statute, he was not entitled to have the answer stricken merely because they were irresponsive.

3. *Executors and Administrators; Actions by; Evidence.*—An administrator cannot recover for the hire of a team upon evidence that after intestate's death defendant was found in possession of the same, and a little later returned it to the custody of the administrator; such evidence being consistent with evidence that defendant held the property as a bailee without hire, there being no proof that the defendant came in possession of the team wrongfully, or of the terms under which he came into possession.

APPEAL from St. Clair Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by John A. Carwille, administrator, against Graves Franklin for the hire of a wagon and team. Judgment for defendant and plaintiff appeals. Affirmed.

PINKNEY SCOTT, for appellant.—The court erred in excluding the answers of Mrs. Fitzgibbons to all the depositions as to the transactions made by or with the deceased. The objections thereto should have been filed at the proper time.—Sec. 4043, Code 1907; *Gray v. Brown,* 22 Ala. 270. Counsel discuss other assignments of error, but without citation of authority.

M. M. SMITH and VICTOR SMITH, for appellee.—Section 4043, Code 1907, has no application to the depositions of Mrs. Fitzgibbons, since illegal or irrelevant evidence may be excluded at any stage of the trial.—*Whilden v. M & P. Bank*, 64 Ala. 1; *Sowell v. Bank of Brewton*, 119 Ala. 92; *Southern H. B. Assn. v. Riddle*, 129 Ala. 562. The presumption is that all witnesses are competent.—*Hendricks v. Kelly*, 64 Ala. 388. The burden was on the defendant to show incompetency.—*Ala. G. L. I. Co. v. Sledge*, 62 Ala. 566. This, the defendant showed by cross-examination.—*Morisette v. Carr*, 118 Ala. 585. The court did not err in refusing to exclude defendant's answers to interrogatories propounded by plaintiff because irresponsive.—*Southern Ry. v. Hubbard*, 116 Ala. 387; *Saltmarsh v. Brewer*, 22 Ala. 221; *Crocker v. Clements*, 23 Ala. 296. Plaintiff having called the defendant to testify against his interest defendant was entitled to the whole agreement.—*German v. Brown*, 145 Ala. 364; *Hunnicutt v. Higganbotham*, 138 Ala. 474.

SAYRE, J.—Appellant, as the administrator of Z. T. Carwille, deceased, sued appellee for the hire of a pair of mules, wagon and harness. The deposition of Mrs. Fitzgibbons was taken by plaintiff, and in her cross-examination it appeared that she was the next of kin to plaintiff's intestate. After the deposition had been read in evidence by plaintiff, then on defendant's motion so much of it as related to the making of an alleged verbal contract of hiring between plaintiff's intestate and the defendant was excluded by the court, on the ground that the witness had a pecuniary interest in the result of the suit and was disqualified by the statute.—Section 4007 of the Code of 1907. It is not denied that the testimony would have been subject

[Carwille v. Franklin.]

to a timely objection; but it is said that the ob-
jection had been waived, because not made before the
trial was entered upon. Section 4042 of the Code re-
quires all objections to the admissibility of the entire
deposition to be made before entering on the trial, un-
less the ground of objection appears after the com-
mencement of the trial. It has been held that the gen-
eral incompetency of the witness, as, for example, that
he has been convicted of a felony, is such an objection
as must be made under the statute.—*Planters' & Mer-*
*chants' Insurance Co. v. Tunstall,* 72 Ala. 142. But the
witness here had testified to other material facts, and
the objection was to a part of his testimony only. Clear-
ly, then, the statute had no application. But the ob-
jection was directed against the competency of the tes-
timony and incompetent under the statute first above re-
ferred to it was admitted to be. The administrator must
have known the fact when he propounded interrogato-
ries. The testimony was illegal, and could not be
cured by a re-examination of the witness. The reason,
therefore, of the rule which requires objections to the
admissibility of evidence to be made at the earliest op-
portunity does not obtain. It was the duty of the court
at any stage of the proceeding to exclude irrelevant or
illegal evidence, for the reason that its infirmities were
not capable of being removed.—*McCreary v. Turk,* 29
Ala. 244; *Whilden v. M. & P. Bank,* 64 Ala. 31, 38 Am.
Rep. 1; *Sowell v. Bank of Brewton,* 119 Ala. 92, 24
South. 855. Cases like *Gray v. Brown,* 22 Ala. 262,
cited by appellant—there are a number of them—were
decided before the amendment of the statute concerning
the competency of witnesses as affected by interest,
which enacted that an incompetent witness should not
make himself competent by transferring his interest
to another. The reason given for those decisions was

that the party offering the deposition should have an opportunity to release the witness, which he might do at any time before the examination was completed, but of which right he would be deprived if induced to repose upon the legality of the testimony by the failure of the opposite party to object until the trial. The reason of those cases having failed, they can no longer be regarded as authority.

Plaintiff filed interrogatories to the defendant under the statute. The defendant, answering, stated facts which, if true, destroyed plaintiff's asserted right to recover. But these facts had not been asked for. At the trial plaintiff moved to strike those parts of the deposition which was not responsive. On reasons which will be found stated at considerabel length in *Saltmarsh v. Bower*, 22 Ala. 221, it was held that a party had the right to state facts pertinent to his suit or defense when examined by his adversary, though not responsive to interrogatories propounded. That case was followed until the decisions in *First Nat. Bank v. Leland*, 122 Ala. 289, 25 South. 195, and *Garrison v. Glass*, 139 Ala. 512, 36 South. 725. In *Sullivan Timber Co. v. L. & N. R. R. Co.*, 163 Ala. 125, 50 South. 941, the *Leland* and the *Garrison* Cases were overruled. And in *Prestwood v. Carlton*, 162 Ala. 327, 50 South. 254, the court repeated the reasoning and the conclusion of the earlier cases. They are not cited in the opinion, but all the previous cases were considered by the court. Something, the writer thinks, may be said in favor of either position; but the question involved relates to a matter of practice, which it is more important to have settled than that it should be settled exactly as it ought to be. It is settled. There was no error.

The evidence which the court finally took into consideration showed only that after the death of plain-

[R. D. Burnett Cigar Co. v. Art Wall Paper Co.]

tiff's intestate defendant was found in possession of the wagon and team, and that a little later he returned them to the custody of the plaintiff. There was no proof that defendant came into possession wrongfully, or of the terms upon which he came into possession. The burden of proof rested upon the plaintiff. The court could not assume that defendant's possession was wrongful, or that he held possession under an agreement to pay for the use of the property. As consistently with the evidence the defendant held the property as a bailee without hire.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.