[Pratt Consolidated Coal Company v.· Davidson.]

# Pratt Consolidated Coal Company v. Davidson.

## Damages for Death of Employe.

(Decided June 1, 1911. Rehearing denied June 27, 1911.
55 South. 886.)

1. *Master and Servant; Injury to Servant; Duty of Superintendence.*—The duty of a fire boss of a mine to examine the condition of the mine when gas is known to exist therein, before men are permitted to enter for work, is a duty of superintendence within subdivision 2 of section 3910, Code 1907, notwithstanding the provisions of section 1031, Code 1907.

2. *Master and Servant; Assumption of Risk.*—In the absence of a special contract based on a sufficient consideration an employe in a mine does not assume the risk of the owner or operator's failure to observe the provision of section 1016, Code 1907.

3. *Same.*—In the absence of a special contract based on a sufficient consideration, an employe does not assume the risk of negligence in superintendence under subdivision 2, section 3910, Code 1907.

4. *Same; Contributory Negligence.*—An employe in a mine may be guilty of contributory negligence in going into a place where he knows gas to exist in dangerous quantities, or where he has been specially warned not to go, though the owner or operator had not complied with the requirements of section 1016 and 1031, Code 1907.

5. *Same; Obligation to the Master; Statutory Regulation.*—An operator of a mine cannot evade responsibility for a failure to comply with the requirements of section 1016 and 1031, Code 1907, by setting up general rules for the conduct of the business as a substitute for the precautions prescribed by the statute, and he may not by such regulation impose on any employe the duty of ascertaining whether the law has been complied with.

6. *Depositions; Responsiveness of Answer; Admissibility.*—Where the answers of a witness to interrogatories were responsive to the issues as made up by the court's approval, and were not otherwise objectionable, it was error to strike portions of the depositions containing the answers on the grounds that the answers were not responsive to the interrogatories.

7. *Charge of Court; Conformity to Issues.*—Where the court had erroneously overruled a demurrer to a plea which there was evidence to support, it was error to refuse to instruct that if the facts alleged in the plea were found to be true, the verdict should be for the defendant, as it is not proper to change the issues as developed by the pleading by giving or refusing instructions.

8. *Appeal and Error; Harmless Error; Instructions.*—Since this court cannot know on appeal what the evidence would have been if

[Pratt Consolidated Coal Company v. Davidson.]

the issues had been differently shaped, or that the defendant might not have amended his insufficient pleas so as to have presented a meritorious defense, if the demurrers thereto had been sustained, errors in charges which depart from the theory observed in passing on the demurrers were prejudicial, notwithstanding plaintiff made out a prima facie case by proof without conflict, and the facts as stated by the bill of exceptions seem to preclude any special defense.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by J. J. Davidson, as administrator, against the Pratt Consolidated Coal Company, for damages for causing the death of his intestate, an employe. Judgment for plaintiff and defendant appeals. Reversed and remanded.

LAMKIN & WATTS, and BANKHEAD & BANKHEAD, for appellant. The court erred in striking portions of defendant's answers to plaintiff's interrogatories.—*Carwile v. Frankklin*, 51 South. 396. The court erred in refusing to instruct the jury as requested by the defendant.—*Williams v. Thacker*, 40 L. R. A. 812. An employe may assume the risk growing out of the violation of a statutory duty.—*Republic I. & S. Co. v. Thomas*, 99 C. C. A. 523; *Bir. R. & E. Co. v. Allen*, 99 Ala. 356; Dresser 603-4; 26 Cyc. 1090-91, and authorities there cited . The court is firmly committed to the doctrine of volenti non fit injuria, and consequently, the court erred in its oral charge.—*Woodward I. Co. v. Cook*, 124 Ala. 553; *Tutwiler C. & C. Co. v. Farington*, 144 Ala. 157; *Whitmore v. Ala. C. & C. Co.*, 51 South. 397. A mine foreman is a fellow servant of a miner.—4 Mayf. 153. Charges 16, 17, 20, 21 and 25 should have been given.—*Sloss-S. S. & I. Co. v. Knowles*, 129 Ala. 400; *Alterac v. West P. C. Co.*, 161 Ala. 435. Charges 19, 24 and 27 should have been given.—*Landsell v. Northern Ala. R. R. Co.*, 138 Ala. 548. The risk of injury from noxious gases is assumed.—4 Thomp. sec. 4701, 4644.

W. H. SMITH, for appellee. The appellee had a good cause of action under sections 1031, and 1016, Code 1907.—*Sloss-Sheffield Steel & I. Co. v. Sharpe,* 161 Ala. 432; *Foley v. Pioneer M. & M. Co.,* 144 Ala. 178. The appellee was entitled to the affirmative charge, and hence, the court did not err in the charges given or refused.

SAYRE, J.—Plaintiff's intestate, who was a miner, lost his life by an explosion of gas in the defendant company's mine where he was mining coal. The case went to the jury on counts 3, 4, and 5, the general issue, and various pleas of contributory negligence and assumption of risk.

Section 1031 of the Code of 1907 requires that, "when gas is known to exist, the owner, agent, or operator of any coal mine shall employ a competent fire boss, whose duties it shall be to examine every place in the mine before the men are permitted to enter for work. Said fire boss shall be at some convenient place each day to inform every man as to the state and condition of his working place before entering. Said work shall be carefully examined every morning with a safety lamp by the fire boss before the workmen are allowed to enter therein." Subsection 2 of the employer's liability act (section 3910 of the Code) makes the employer liable for injury to his employe "when the injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has any superintendence intrusted to him, whilst in the exercise of such superintendence."

Count 4, after alleging conditions which put into operation the statute requiring the appointment of a fire boss and prescribing his duties, alleges a breach of the duty imposed, and that it caused the death of plaintiff's intestate. The duty of a fire boss—discharged in

this case by a person called "mine foreman"—is a duty of superintendence, within or without section 1031 of the Code. The count, as for any objection taken to it, was well framed under the second subdivision of the employer's liability act.

When answering interrogatories propounded to it under the statute, defendant's superintendent answering for it, defendant deposed: "As gas had been discovered in only a certain part of the mine far removed from the entrance, and for this reason, no warning or sign was given or placed at the entrance to the mine. The warning signals were placed nearer the locality where gas had been discovered." And further: "As before explained, the warnings were given or placed further down in the mine and near the locality in said mine where gas had been discovered." Those parts of the depositions which have been quoted were, on motion of the plaintiff, stricken, on the ground that they were not responsive to the interrogatories. To the defenses set up in the special pleas, the substance of which will sufficiently appear later on, those parts of the deposition stricken by the court were relevant and material, as the appellant concedes. Such being the case, according to both the earliest and the most recent decisions of this court, from which we have no disposition to depart again,, there was error in striking the quoted parts of the deposition on the ground that they were not responsive to the interrogatories propounded. They were responsive to the issues, as they had been made up with the court's approval, and, not being otherwise objectionable, the defendant was entitled to whatever weight they might have had with the jury.—*Carwile v. Franklin*, 164 Ala. 543, 51 South. 396, and cases there cited. It is said, however, that this error was not prejudicial to the defendant. If the case had been tried on any true line, and without other error, we think a

proper application of the doctrine of error without injury in respect to this particular ruling might be worked out on one or more considerations. But there was other error which makes a reversal necessary.

. The complaint upon which the case was tried proceeded upon two theories: One, that defendant had not complied with the requirements of section 1016 of the Code, for that it had failed to provide and maintain ample means of ventilation for the . circulation of air through all the working places in its mine to an extent that would dilute, carry off, and render harmless noxious gases generated in the mine; and the other, that there had been negligence on the part of defendant's superintendent or fire boss in the performance of the duties of superintendence committed to him as required by section 1031 of the Code. To hold, in the absence of a special contract on sufficient consideration, that plaintiff's intestate, at the time of entering defendant's service or by afterwards remaining in that service, assumed the risk of defendant's default in the observance of the statute, or of negligence in superintendence under the employer's liability act, would emasculate those statutes by defeating their clear purpose; nor could the defendant evade responsibility for its failure to observe the statute by setting up different general rules and regulations for the conduct of its business which it may have considered a sufficient substitute for the precautions enjoined by the statute; nor could it by such means impose upon plaintiff's intestate and other employes in similar cases the duty of ascertaining whether it had complied with the law. Plaintiff's intestate may, however, have been guilty of contributory negligence in going into a place where he knew gas existed at the time in dangerous quantity, or where he had been specially warned not to go.—*Woodward Iron Co. v. Andrews*, 114 Ala. 243, 21 South. 440; *A. G. S. R.*

*R. Co. v. Brooks,* 135 Ala. 401, 33 South. 181; *Ala. Steel & Wire Co. v. Wrenn,* 136 Ala. 475, 34 South. 970; *K. C. M. & B. R. R. Co. v. Thornhill,* 141 Ala. 228, 37 South. 412; *Moss v. Moseley,* 148 Ala. 178, 41 South. 1012; *Briggs v. Tenn. Co.,* 163 Ala. 237, 50 South. 1025; *L. & N. R. R. Co. v. Wynn,* 166 Ala. 413, 51 South. 976; *St. L. & San F. R. R. Co. v. Brantley,* 168 Ala. 579, 53 South. 305; *L. & N. R. R. Co. v. Sharp,* 171 Ala. 212, 55 South. 139. The case of *Birmingham Ry. & Electric Co. v. Allen,* 99 Ala. 359, 13 South. 8, 20 L. R. A. 457, cited by appellant to the proposition that employes who have knowledge of unsafe conditions assume the additional risk thereof if they continue in the service after the lapse of a reasonable time in which to remedy or remove such conditions, and others to the same effect which might be cited, are cases in which the injury to the employe was caused by some defect in the condition of the ways, works, machinery, or plant connected with or used in the master's business. The doctrine of even those cases was, shortly before plaintiff's intestate suffered his injury, greatly modified by the addition to section 3910 of the following proviso: "That in no event shall it be contributory negligence or an assumption of the risk on the part of a servant to remain in the employment of the master or employer after knowledge of the defect or negligence causing the injury, unless he be a servant whose duty it is to remedy the defect or who committed the negligent act causing the injury complained of."

In this case the facts were that two or three months before the catastrophe in question gas had been discovered in the heading of defendant's mine most remote from the entrance, the heading in which plaintiff's intestate worked. Defendant then employed a fire boss, but it does not appear that section 1031 of the Code was in other respects complied with. At least, it is undis-

puted that neither the fire boss, nor the mine foreman, who sometimes undertook his duties, informed plaintiff's intestate on the day of his injury as to the state and condition of his working place. In fact, defendant, considering that there was gas in the most remote heading of its mine and not elsewhere, as a substitute for the statutory precaution, had caused a signal board to be erected near the entrance to the heading, which board was intended to display a daily statement in respect to the safety of the heading; and had adopted a rule that its employes should not go into that heading on any day unless the signal board showed a statement, dated as of the current day, that the heading was safe. However, the defendant continued to work that heading. Indeed, it seems that the mine was being developed in that direction, and that work was more constant there than at any other point in the mine. In various pleas, which had the court's approval, the defendant had pleaded plaintiff's intestate's knowledge of the facts stated above, that the signal board on the morning of the accident failed to show that the heading was safe, and that under these conditions plaintiff's intestate went into the heading where there was gas which exploded and caused his death. It was nowhere alleged, however, that plaintiff's intestate knew of the presence of gas in the heading in which he was working at the time he went into it. These facts were diversely pleaded as contributory negligence and assumption of risk. In ruling upon demurrers to these pleas, the court failed to observe the principles of law which have been stated. This seemed to give the defendant the advantage of insufficient pleas. But when the court came to give the law of the case in charge to the jury, in both the general oral charge and in special instructions given at the plaintiff's request, as well as in the refusal of special instructions requested by the defendant, it de-

43—173

parted from that theory which it had observed in passing upon the demurrers to pleas, and stated the law more in accord with the principles which ought to have controlled the disposition of the case.. For example, there was evidence to sustain the averments of plea A, demurrer to which had been overruled, but the court refused to the defendant a charge which directed a verdict for the defendant in the event the jury were reasonably satisfied by the evidence of facts hypothesized in the language of the plea. To these instructions and these refusals to instruct the defendant duly excepted. Under the circumstances the court's rulings in the matter of the instructions were erroneous, however nearly in accord with the law of the case they would have been if the issues had been so shaped as to ascertain the rights of the parties on correct principles. The defendant was entitled to have its liability ascertained and declared upon some consistent theory which it might have reviewed. Nor can the doctrine of harmless error save a reversal. True, the plaintiff made out his prima facie case by proof without conflict. And on the facts as they are stated in the bill of exceptions no special defense seems open to the defendant. But we cannot assume to know what the evidence would have been if issues had been differently shaped, nor that the defendant, if demurrers to its defective pleas had been sustained, might not have amended so as to present a meritorious defense. Instructions must be pertinent to the issues formed between the parties. "A court has no right, by instructions to the jury, to change the issues, or mitigate the requirements of its pleadings."—*Moffatt v. Conklin*, 35 Mo. 453. We are come, therefore, to the conclusion that the judgment must be reversed.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.