# Allen *v.* Camp.

### Killing Animals.

(Decided November 4, 1915. Rehearing denied December 8, 1915.
70 South. 290.)

1. **Animals; Killing; Defense of Self.**—One endangered by the attack of a dog or other animal, on his own premises or the public highway, may protect himself or family from injury, even to the extent of killing the animal if necessary, and incur no liability to the owner.

2. **Same.**—Where plaintiff's dog bit defendant's infant daughter, and plaintiff refused to sell the dog to defendant so that it might be decapitated and its head examined to ascertain if it was afflicted with rabies, and a few days later defendant broke into plaintiff's house where the dog was chained up, killing it, and taking its head for the purpose stated, defendant was liable to plaintiff for killing the dog.

3. **Same; Damages; Mitigation.**—In such an action the testimony of defendant that he killed it because the dog had bitten his child, and he wished to secure its head for examination to discover if it was afflicted with rabies, could be considered only in mitigation of punitive damages.

4. **Same; Damages; Remoteness.**—In such an action damages caused by the effect of the news of the killing of the dog, some hours after it happened

[Allen v. Camp.]

on plaintiff's wife, rendering her excited and hysterical, were too remote to be recoverable, she not having been present at the killing.

5. **Discovery; Interrogatories; Examining Defendant.**—In responding to interrogatories propounded to defendant under § 4049, Code 1907, defendant was privileged in his answer to incorporate any matter in avoidance of plaintiff's demand, or in his own defense pertinent to the issue, and it was error for the court to strike certain parts of the answer on the ground that they were not responsive to the interrogatories.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Nathan B. Camp against Charles M. Allen for damages for killing a dog. Judgment for plaintiff and defendant appeals. Reversed and remanded.

RICHARD H. FRIES, and HUGH MORROW, for appellant. W. P. McCROSSIN, and GEORGE E. BUSH, for appellee.

PELHAM, P. J.—The complaint filed in the trial court by the appellee, as plaintiff, against the appellant, as defendant, contained but one count, and is in the following language: "The plaintiff claims of the defendant five thousand ($5,000) dollars as damages for wrongfully killing a bull terrier dog, the property of the plaintiff, on or about May 1, 1915."

To this count was added by amendment, against the objection and duly reserved exception of the defendant, the following: "And other wrongs and injuries as follows, to-wit: That his wife was, made sick and sore and ill on account of such trespass, and that he was forced to pay out large sums of money for physicians' services and medicines, and he was deprived of her services for a long period."

The case was tried on the issues made under the allegations of this complaint and the defendant's plea of the general issue "with leave to give in evidence any testimony material to its defense as if specially pleaded."

The evidence without dispute showed that the defendant during the absence of the plaintiff and his family, went to the home of the plaintiff with his (defendant's) son, and entered the house by raising a window and helping his son through the window, by which means an entrance was effected to one of the rooms in plaintiff's home in which the dog was securely fastened by a chain and collar to the furniture or a doorknob; that upon dis- covering the dog tied in plaintiff's house the defendant shot and

[Allen v. Camp.]

killed the animal. The evidence in behalf of the defendant tended to show that the animal was vicious and dangerous, and had bitten the defendant's seven-year-old daughter a few days previous to the killing; that the defendant had offered to buy the dog for the purpose of sending its head to the Pasteur Institute at Montgomery for examination for rabies; that the plaintiff had refused to part with the dog; and that the defendant killed the animal in plaintiff's home under the circumstances stated, decapitated it, and sent the head to the Pasteur Institute for examination, but ascertained from such examination that it was a healthy specimen.

(1) It is not to be doubted but that when a person, upon his own premises or the public highway, is endangered by the attack of a dog or other animal, he may protect himself or family from injury, even, if necessary, by killing the animal, without incurring liability therefor.—*Russell v. Barrow*, 7 Port. 106; Thompson's Law of the Farm, § 174.

"If, in such cases, a loss happens, it is more just that it should fall as a misfortune on the owner than on him who is acting in strict conformity with the first law of nature."—*Russell v. Barrow, supra.*

(2) But that is not the case here, where the destruction of the animal took place when there was no longer danger to be feared from the attacking animal, and in point of time days after the act complained of had been committed, and under circumstances when the dog was not trespassing, but was fastened up on its owner's premises, where it could do no injury. The destruction of the dog under these circumstances was wrongful and without warrant in the law, and the owner had a cause of action against the defendant for the trespass committed against his property. See *Kershaw v. McGown*, 12 Ala. App. 485, 68 South. 559, where we recently had occasion to discuss the plaintiff's right to maintain an action for the wrongful shooting and killing of a dog.

Wherever there is a wrongful injury or destruction of property, the law implies that the owner has sustained some damage from the injury, loss, or deprivation of its use (*Parker v. Mise*, 27 Ala. 480, 62 Am. Dec. 776), and under the undisputed facts in this case the general charge for plaintiff, with hypothesis as to the jury's belief as to the ownership of the dog, which was in dispute, was properly given.

[Allen v. Camp.]

(3) We do not deem it necessary to enter into a discussion of the question, so elaborately argued in brief of appellant's counsel, as to the defendant's right to kill the dog for the purposes of scientific investigation in protection of his child. At most, such evidence could only be considered by the jury in mitigation of punitive damages. Conceding that it would have been beneficial to the defendant to have secured the head of the animal for the purpose of having the experiment made, it was not absolutely essential that this experiment should be made as a prerequisite to having the child given the treatment as a preventive against the disease; nor would the law countenance or defendant be justified in taking the law into his own hands in going upon the premises and into the home of the owner and killing the animal, that was at that time engaged in no wrongful act and was securely fastened up within its master's home.

(4) The question is presented of the court's rulings in permitting as an element of recoverable damages proof of the condition of plaintiff's wife, and that she became excited and hysterical, etc., upon being informed that the dog had been killed; and in these rulings we think the court was in error. The plaintiff's wife was not at home when the dog was killed, between 9 and 10 o'clock in the morning, and knew nothing of it until informed of the facts by some third party during the afternoon of that day. The court allowed the plaintiff to show that his wife was pregnant at the time, and that, superinduced by the information conveyed to her of the dog's having been killed, she became wrought up, excited, hysterical, etc. The mental pain and suffering of the wife of the owner of the dog, who was not present when the animal was killed, but was informed of the facts hours afterward, is too remote a consequence of the wrongful act complained of in killing the animal to be considered as an element of the damage suffered by the plaintiff. While some of the authorities hold that the general rule limiting damages in actions of tort is that the party who commits a trespass or other wrongful act is liable for all the direct injury resulting from such act, although such resulting injury could not have been contemplated as a probable result of the act (*Brown v. Chicago, etc., Ry. Co.,* 54 Wis. 343-354, 11 N. W. 356, 911, 41 Am. Rep. 41), the authorities holding the rule to be that a party is not to be held responsible for injuries which could not reasonably have been foreseen as the result of his misconduct have been approvingly cited and

quoted by the Supreme Court of this state (*Crawford, et al. v. McMickens,* 190 Ala. 102, 66 South. 712); and the rule is well settled that damages, to be recoverable, must be the natural and reasonable result of the wrongful act—such a consequence as in the ordinary course of things would flow from the act (*Woodstock Iron Works v. Stockdale,* 143 Ala. 550, 39 South. 335, 5 Ann. Cas. 578). Applying any of these recognized rules to the facts presented by this case, the mental pain and suffering of the plaintiff's wife is too remote a consequence to constitute recoverable damages for which the defendant would be liable.

Whether or not the husband in any event could recover for the mental pain and anguish suffered by the wife (see *Reeves v. Anniston Mills,* 166 Ala. 645, 52 South. 142; *Woodstock v. Stockdale, supra*), the result to plaintiff's wife upon being informed several hours afterwards of the death of the dog, that the court allowed proof to be made of, was not such a consequence as, in the ordinary course of things, would flow from the defendant's act, or that he would have reason to apprehend would take place when the act was committed in her absence. This injury not being one which the defendant could reasonably be expected to anticipate as likely to ensue from his conduct, it cannot be regarded as a natural consequence for which the defendant would be legally responsible.—*Phillips v. Dickerson,* 85 Ill. 11, 28 Am. Rep. 607.

(5) The defendant, as the respondent to interrogatories under the statute (Code, § 4049), was privileged in his answers thereto to incorporate any matter in avoidance of the plaintiff's demand, or in his defense, not impertinent to the issues, and the court was in error in striking out certain parts of the answers seemingly on the sole ground that they were illegal as merely not responsive to the interrogatories propounded.—*Sullivan Timber Co. v. L. & N. R. R. Co.,* 163 Ala. 125, 50 South. 941; *Carwile v. Franklin,* 164 Ala. 543, 51 South. 396; *Pratt Consolidated Coal Co. v. Davidson,* 173 Ala. 667, 55 South. 886.

For the errors pointed out, a reversal must be ordered.

Reversed and remanded.