(77 South. 922)

BIRMINGHAM RY., LIGHT & POWER CO. v. E. & W. DRY CLEANING CO. (6 Div. 352.)

(Court of Appeals of Alabama. Jan. 15, 1918.)

1. ELECTRICITY ⟳16(7)—INJURY TO PROPERTY—NEGLIGENCE.

A light and power company was liable for breaking a plate glass window while installing a light, if the damage was the proximate result of its negligence or that of its servants within the scope of their duties, not contributed to by negligence of plaintiff or its servants.

2. ELECTRICITY ⟳19(6)—LIABILITY—QUESTIONS FOR JURY.

Whether light and power company whose servants broke a plate glass window while installing a light during a storm was answerable as for negligence, *held* for the jury.

3. ELECTRICITY ⊕19(13) — INSTRUCTIONS — IGNORING ISSUES.

In action for alleged negligent breaking of plate glass window by light company's employés, requested charge that if plaintiff's employés, knowing it to be dangerous, left the place while the awning which struck the window was down, plaintiff could not recover, was faulty, as pretermitting consideration whether it was the duty of plaintiff's employés to raise the awning.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by the E. & W. Dry Cleaning Company against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint alleges that plaintiff was the occupant of certain premises under a lease by the terms of which it was bound to replace any glass broken on the premises, and that it had installed at its own expense a plate glass front, with lettering, etc., and had installed over said front an awning which was its property; that in December, 1915, defendant was engaged in installing a certain light on said premises for plaintiff, and that in so installing said light and fixtures defendant's agents or servants, acting within the line and scope of their authority, took said awning down, and said agents or servants, acting within the line and scope of their employment, negligently left said awning down, and, as a proximate consequence thereof, said awning was blown or thrown against said plate glass front, and said awning and said plate glass front were damaged and ruined, to plaintiff's damage, etc. The defense was the general issue, and that the damages were caused by a storm. The following charges were made the basis of the second assignment of error:

If you believe the evidence in this case and find therefrom that when the employés of plaintiff left their place of business on the day of the injury to the awning, and then saw that it was down, and knew that it was dangerous to leave it down, and that injury would likely or probably result therefrom, and nevertheless left it in such condition, they were guilty of negligence, and, if such negligence proximately contributed to plaintiff's loss, then plaintiff cannot recover.

Tillman, Bradley & Morrow, James A. Simpson, and John M. Bradley, all of Birmingham, for appellant. Stokely, Scrivner & Dominick, of Birmingham, for appellee.

BROWN, P. J. [1] If the plaintiff's damages were the proximate result of the defendant's negligence, or the negligence of its agents or servants while acting within the scope of their employment, and the plaintiff's servants did not while acting within the line and scope of their employment by their negligence proximately contribute thereto, the defendant is liable. Woodstock Iron Works v. Stockdale, 143 Ala. 550, 39 South. 335, 5 Ann. Cas. 578; K. C., M. & B. R. R. Co. v. Foster, 134 Ala. 244, 32 South. 773,

92 Am. St. Rep. 25; L. & N. R. R. Co. v. Quick, 125 Ala. 553, 28 South. 14; Western Ry. Co. v. Mulch, 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; Armstrong v. Montgomery Street Railway Co., 123 Ala. 233, 26 South. 349. In the last case cited it was said:

"A person guilty of negligence" should be held "responsible for all consequences which prudent and experienced men, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind."

[2] While one of the witnesses said, with respect to the storm, that "it was one of the worst storms of the entire winter, in my opinion; it was accompanied by very heavy wind and very heavy rain"—this evidence does not show that the storm was unprecedented, or even unusual for that season of the year. Under the evidence, the case was one for the jury.

[3] The special charge upon which the second assignment of error is predicated is faulty in assuming that all of the plaintiff's employés were under duty to see that the awning was not left down, so that it would cause damage to the plate glass front. Although some one of plaintiff's employés, who was charged with no duty with respect to the awning, discovered that it was left down and failed to raise it, it could not be said that this was a negligent act committed by an employé while acting within the line and scope of his employment, and therefore would not sustain the plea of contributory negligence.

This disposes of all matters presented by the assignments of error.

Affirmed.